IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: § § § | | |
| GABRIEL INVESTMENT GROUP, INC., § § | BANKRUPTCY NO. 19-52298-RBK | |
| DEBTOR § | CHAPTER 11 | |

| | | |
|---|---|---|
| IN RE: § § | | |
| DON'S AND BEN'S, INC., § § | BANKRUPTCY NO. 19-52299 | |
| DEBTOR § | CHAPTER 11 | |

| | | |
|---|---|---|
| IN RE: § § | | |
| GABRIEL HOLDINGS, LLC, § § | BANKRUPTCY NO. 10-52300 | |
| DEBTOR § | CHAPTER 11 | |

| | | |
|---|---|---|
| IN RE: § § | | |
| S.A. DISCOUNT LIQUOR, INC., § § | BANKRUPTCY NO. 19-52301 | |
| DEBTOR § | CHAPTER 11 | |

| | | |
|---|---|---|
| IN RE: § § | | |
| GABRIEL, GP, § § | BANKRUPTCY NO. 19-52302 | |
| DEBTOR § | CHAPTER 11 | |

**MOTION FOR AN ORDER DIRECTING
JOINT ADMINISTRATION OF BANKRUPTCY CASES**

To the Honorable United States Bankruptcy Judge:

Gabriel Investment Group, Inc. ("GIG"), Gabriel GP, Inc. ("GP"), Gabriel Holdings, LLC ("Gabriel Holdings"), Don's and Ben's, Inc. ("D&B"), and S.A. Discount Liquor, Inc. ("Discount Liquor") (collectively, the "Debtors" or "Gabriel's"), the Debtors in the above captioned cases (the "Cases"), hereby file this *Motion for an Order Directing Joint Administration of Bankruptcy Cases* (the "Motion"). In support of the Motion, the parties respectfully represent as follows:

## I. Jurisdiction, Venue and Background

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On September 27, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

3. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No creditors' committee has been appointed in these Cases by the United States Trustee. Further, no trustee or examiner has been requested or appointed.

4. The statutory predicates for the relief requested herein are Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Local Rule 1015 of the Local Court Rules of Bankruptcy Court for the Western District of Texas ("Bankruptcy Local Rules").

5. A copy of the order approving this Motion is attached as Exhibit A.

6. Gabriel's has been a San Antonio institution since 1948. The Gabriel family has managed a chain of South Texas package stores that over the course of two or three generations grew to become a well-known community mainstay, one that today employs approximately 250

individuals across the region. Throughout its history Gabriel's has supplied the citizens of San Antonio with fine wines, high quality liquors, and exceptional beers at reasonable prices. It has also been a bastion of the San Antonio community through its involvement in various events all over the city, including Fiesta, as well as its involvement with various non-profits raising money to support the region's less fortunate. Today, Gabriel's operates 15 package store locations as Gabriel's Liquor and 30 package store locations as Don's & Ben's Liquor.

7. While competition is a challenge for any business, beginning in 2013 Gabriel's began facing increased competition from the influx of big-box retailers. These changes in the San Antonio market gradually caused several of Gabriel's locations to become unprofitable. Additionally, Gabriel's wholesale business started to suffer losses due to the increased competition. The Gabriel family did its best to manage the operations to address this economic turmoil; however, the losses continued to mount.

8. In 2019, the Gabriel family considered merging Gabriel's with a Texas retailer that had the financial resources to weather the tougher competition in San Antonio. Unfortunately, even though the discussions proceeded to the point of setting a closing date, the merger ultimately fell through. During that same time, Gabriel's failed to timely pay its vendors, which led to Gabriel's being placed on the Texas Alcoholic Beverage Commission ("TABC") Delinquent List. Pursuant to TABC regulations, placement on the TABC Delinquent List prohibits all liquor wholesalers from selling to Gabriel's.

9. Gabriel's line of credit with its lender PNC Bank, National Association expires on September 30, 2019.

10. Gabriel's has sought bankruptcy protection to reorganize its business model and return to profitability. Prior to the Petition Date, Gabriel's ceased its wholesale operations. As part

of these Bankruptcy Cases, Gabriel's intends to close the unprofitable locations while focusing on those locations that have been high-performing for Gabriel's throughout its history. Gabriel's will also work with its creditors to propose a plan of reorganization that will allow it to pay its creditors in full while preserving the positive cash flow that is so critical to continued operation of the package stores.

## II. RELIEF REQUESTED

11. By this Motion, the Debtors request an order directing that the above-captioned Cases be consolidated for procedural purposes and jointly administered under the GIG case number and caption.

## III. BASIS FOR RELIEF

12. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the estates of the debtor and such affiliates. *See* Fed. R. Bankr. P. 1015(b).

13. GIG owns either directly or indirectly all of the interests in GP, Gabriel Holdings, D&B and Discount Liquor. Therefore, the Debtors are affiliates as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b).

14. The joint administration of the Debtors' chapter 11 Cases will permit the Clerk of the Court to use a single general docket for the Debtors and each of the affiliated Cases and to combine notices to creditors and other parties in interest. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these Cases will affect the Debtors' estates. Joint administration will save time and money and avoid duplicative and potentially confusing filings, by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file the papers in

one case rather than for each of the affiliated Debtors. Joint administration will also protect parties in interest by ensuring that parties in interest in each of the affiliated Debtors' respective chapter 11 Cases be apprised of the various matters before the Court in all of these Cases.

15. In addition, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered Cases be as follows:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: § | | CHAPTER 11 |
| § | | |
| GABRIEL INVESTMENT GROUP, INC., § | | BANKRUPTCY NO. 19-52298-RBK |
| § | | |
| DEBTORS § | | JOINTLY ADMINISTERED |

16. The Debtors submit that use of this simplified caption, naming only GIG without reference to the affiliates of GIG will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

17. The Debtors also request that creditors be instructed to file any proofs of claim in the appropriate Debtor case to which the claim relates, with the appropriate style and not use the style of the jointly administered Cases.

18. The rights of the respective creditors of the Debtors and each of its affiliates will not be adversely affected by joint administration of these chapter 11 Cases, because the relief sought by this Motion is purely procedural and is in no way intended to affect substantive rights, and each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court also will be relieved of the burden of entering duplicative orders and keeping duplicative files. Finally,

supervision of the administrative aspects of the chapter 11 Cases by the Office of the United States Trustee will be simplified.

19. There are no administrative or scheduling orders previously entered that would require modification upon the entry of an order on this Motion.

20. No previous request for the relief sought in this Motion has been made to this court or any other Court.

### IV. NOTICE

21. The Debtors have caused a copy of this Motion to be served upon (i) the proposed Limited Service List, which includes the prepetition lenders and their counsel and the consolidated list of the top twenty (20) largest unsecured creditors of the Debtors; (ii) the United States Trustee; (iii) those persons who have formally appeared in these Cases and requested service pursuant to Bankruptcy Rule 2002; and (iv) all applicable government agencies to the extent required by the Bankruptcy Local Rules. The Debtors submit that no other or further notice need be provided.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that the Court enter an order directing joint administration of the above-captioned Cases and granting such other and further relief as is just and proper.

Respectfully submitted,

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Randall A. Pulman*
    Randall A. Pulman
    Texas State Bar No. 16393250
    rpulman@pulmanlaw.com
    Thomas Rice
    Texas State Bar No. 24025613
    trice@pulmanlaw.com
    Amber L. Fly
    Texas State Bar No. 24101761
    afly@pulmanlaw.com

**PROPOSED ATTORNEYS FOR DEBTORS**

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| GABRIEL INVESTMENT GROUP, INC., | § § | BANKRUPTCY NO. 19-52298-RBK |
| DEBTOR | § § | CHAPTER 11 |

| | | |
|---|---|---|
| IN RE: | § § | |
| DON'S AND BEN'S, INC., | § § | BANKRUPTCY NO. 19-52299 |
| DEBTOR | § § | CHAPTER 11 |

| | | |
|---|---|---|
| IN RE: | § § | |
| GABRIEL HOLDINGS, LLC, | § § | BANKRUPTCY NO. 10-52300 |
| DEBTOR | § § | CHAPTER 11 |

| | | |
|---|---|---|
| IN RE: | § § | |
| S.A. DISCOUNT LIQUOR, INC., | § § | BANKRUPTCY NO. 19-52301 |
| DEBTOR | § § | CHAPTER 11 |

{00440655}  – 1 –

| | |
|---|---|
| IN RE: § | |
| § | |
| GABRIEL, GP, § | BANKRUPTCY NO. 19-52302 |
| § | |
| DEBTOR § | CHAPTER 11 |

### ORDER DIRECTING JOINT ADMINISTRATION OF BANKRUPTCY CASES

Came on for consideration the Debtors' *Motion for an Order Directing Joint Administration of Bankruptcy Cases* in the above-styled and numbered chapter 11 cases seeking joint administration of such cases (the "Motions").[1] The Court finds that notice was proper and that no party in interest made any response in opposition to the Motions or, if so, the relief requested in any such response was denied for the reasons stated on the record, and further finds that the relief requested in the Motions should be **GRANTED.**

**ACCORDINGLY, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the chapter 11 cases *In re Gabriel Investment Group, Inc., Don's and Ben's, Inc., Gabriel Holdings, LLC, S.A. Discount Liquor, Inc., and In re Gabriel, GP,* be jointly administered in accordance with the terms of this Order, as follows:

1. Nothing contained in this Order shall be construed as directing or otherwise effecting a substantive consolidation of the bankruptcy Cases of the Debtors; it is the Court's intention to jointly administer the bankruptcy Cases of the Debtors for procedural purposes only.

2. *In re Gabriel Investment Group, Inc., Don's and Ben's, Inc., Gabriel Holdings, LLC, S.A. Discount Liquor, Inc., and In re Gabriel, GP,* are to be jointly administered under Case No. 19-52298.

---

[1] Capitalized terms unless otherwise defined herein shall have the meaning ascribed to them in the Motion.

{00440655} – 2 –

3. The Honorable Ronald B. King shall preside over these jointly administered cases.

4. The joint caption of the *In re Gabriel Investment Group, Inc., Don's and Ben's, Inc., Gabriel Holdings, LLC, S.A. Discount Liquor, Inc., and In re Gabriel, GP,* cases shall read as shown in attached Exhibit 1.

5. All original pleadings shall be captioned as set out above and all original docket entries shall be made in the case of *In re Gabriel Investment Group, Inc.,* Bankruptcy No. 19-52298 pending in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division.

6. All proofs of claim shall be filed under the case number representing the Debtor's estate against which the claim is made.

7. Each of the Debtors shall (a) file separate monthly operating reports; (b) maintain separate financial accounts and records; (c) not be liable for the claims against any of the Debtors by virtue of this Order; and (d) file separate Bankruptcy Schedules and Statements of Financial Affairs.

8. A docket entry shall be made in each of the Debtors' Cases substantially as follows:

> *An order has been entered in this case directing the joint administration of the chapter 11 cases of In re Gabriel Investment Group, Inc., Don's and Ben's, Inc., Gabriel Holdings, LLC, S.A. Discount Liquor, Inc., and In re Gabriel, GP. The docket in the chapter 11 case of In re Gabriel Investment Group, Inc., Bankruptcy No. 19-52298 pending in the United States Bankruptcy Court for the*

*Western District of Texas, San Antonio Division should be consulted for all matters affecting this case;*

9. Debtors shall file a master service list in *In re Gabriel Holdings, LLC,* Bankruptcy No. 19-52298 pending in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division which includes all creditors, persons filing Notices of Appearances, and all parties-in-interest in all of the Debtors' jointly administered Cases for future noticing requirements.

10. This Order shall be served by the Debtors on interested parties and all parties included on the master service list.

# # #

Order Submitted By:
Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
Thomas Rice
Texas State Bar No. 24025613
trice@pulmanlaw.com
Amber L. Fly
Texas State Bar No. 24101761
mmcgowan@pulmanlaw.com
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

**PROPOSED ATTORNEYS FOR DEBTORS**

# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| GABRIEL INVESTMENT GROUP, INC., | § | BANKRUPTCY NO. 10-52298-RBK |
| | § | |
| DEBTORS | § | JOINTLY ADMINISTERED |

{00440655}